AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

| | |
|---|---|
| United States of America | |
| v. | Case No. 20-MJ- 4142 |
| **CHARLES MOBLEY,** | |
| *Defendant* | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about May 23, 2020, in the County of Monroe, in the Western District of New York, the defendant, CHARLES MOBLEY, violated Title 18, United States Code, Section 922(g)(1) (possession of a firearm and/or ammunition by a convicted felon) and Title 18, United States Code, 922(k) (possession of a firearm with an obliterated serial number) said offenses described as follows:

the defendant, CHARLES MOBLEY, on or about May 23, 2020, knowing that he had previously been convicted on or about on or about October 2, 2014, in Monroe County Court, Monroe County, New York, of a crime punishable by imprisonment for a term exceeding one year; unlawfully did knowingly possess, in and affecting commerce, a firearm, namely, a 380 Auto (9x17m) caliber, Cobra Enterprises CA-380 semiautomatic pistol with an obliterated serial number, in violation of Title 18, United States Code, Sections 922(g) and 922(k).

This Criminal Complaint is based on these facts:

☒ Continued on the attached sheet.

*Complainant's signature*

Inv. Joseph Briganti, Bureau of Alcohol, Tobacco, Firearms, and Explosives/Rochester Police Department
*Printed name and title*

Affidavit and Criminal Complaint submitted electronically by email in .pdf format. Oath administered, and contents and signature, attested to me as true and accurate telephonically pursuant to Fed.R.Crim.P. 4.1 and 4(d) on:

Date: July 20, 2020

Marian W. Payson
*Judge's signature*

MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Rochester, New York

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

- v -

CHARLES MOBLEY,

             Defendant

20-MJ- 4142

---

STATE OF NEW YORK  )
COUNTY OF MONROE  ) SS:
CITY OF ROCHESTER  )

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Joseph Briganti, being duly sworn, depose and say:

1. Your affiant is a Police Investigator with the Rochester Police Department (RPD) and currently assigned as a Task Force Officer (TFO) with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), assigned to the New York Field Division, Rochester Field Office. As such, I am an "investigative or law enforcement officer" of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is an officer of the United States who is empowered to conduct investigations of, and to make arrests for, offenses enumerated in Title 21, United States Code, Section 801, et seq. and Title 18, United States Code, Section 2516(1).

2. I have been employed as a Police Investigator since 2011. Prior to being employed as a Police Investigator, I was employed as a Police Officer beginning in

1

1995 for both the RPD and the Niagara Falls, New York Police. My duties as a Police Investigator include investigating violations of state and federal firearms laws such as individuals engaged in illegal firearm trafficking, unlawful possession of firearms, the possession of firearms during the commission of drug trafficking crimes, and other crimes of violence. During my tenure with RPD and ATF, I have participated in numerous investigations involving armed individuals who were in violation of federal narcotics laws, including Title 21, United States Code, Section 846, and federal firearms laws including Title 18, United States Code, Sections 922 and 924.

## PURPOSE OF AFFIDAVIT

3.  This affidavit is submitted in support of a criminal complaint charging CHARLES MOBLEY (hereinafter MOBLEY) with a violations of Title 18, United States Code, Section 922(g)(1) (possession of a firearm and/or ammunition by a convicted felon) and Title 18, United States Code, Section 922(k) (possession of a firearm with an obliterated serial number).

4.  As more fully described below, the facts in this affidavit are based on a combination of my personal participation in this investigation, review of police reports filed in connection with this investigation, and conversations with other law enforcement officers involved in this investigation. Since this affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to

2

the issue of whether probable cause exists to believe that MOBLEY committed the above-mentioned offense.

## PROBABLE CAUSE

5. On May 23, 2020 at approximately 7:32 p.m., Rochester Police Officers responded to the area of 31 Lenox Street, in the City of Rochester, for a report of male with a gun. The reporting person described the individual as a black male with a ponytail, wearing all black clothing. As officers approached the area, Officer Sino Seng observed a male matching the suspect's description. Officer Seng also noticed that the male, later identified as MOBLEY, was wearing white and navy blue Nike Air Force One sneakers. Officer Seng advised responding officers that he observed the male walking north on Genesee Street between Arnett Boulevard and Lenox Street. Officer Kody Middlebrook exited his patrol car and approached MOBLEY. As Officer Middelbrook approached, MOBLEY grabbed his waistband and ran south on Genesee Street.[1]

6. Officers kept MOBLEY in sight throughout the foot pursuit until momentarily losing sight of him in the backyard of 81 Lenox Street. Officer Middlebrook then observed MOBLEY jump over a wooden stockade fence in the backyard of 77 Lenox Street. Officer Middlebrook approached the backyard of 77 Lenox Street where he observed a group of females sitting in the backyard in front

---

[1] Based upon my training and experience, individuals in possession of illegal firearms often conceal them in their waistband area and often attempt to secure them while running by holding their waistband area. It is not common for those who illegally possess firearms to use a holster to secure their firearm.

3

of a detached garage. Officer Middlebrook observed that the garage door was open but did not see MOBLEY at this time.

7. Officers organized a perimeter encompassing the area where MOBLEY was last seen. During the search for MOBLEY, Officer Middlebrook approached the backyard of 77 Lenox Street again. However, this time he noticed that the group of females that he previously observed sitting in the backyard were now inside the garage with the garage door partially closed. Officer SENG bent down to speak to the females through the partially open garage door and observed someone wearing a pair of white and navy blue Nike Air Force One sneakers. Officer Seng identified the sneakers as the same ones that he observed MOBLEY wearing when he was walking on Genesee Street.

8. Officer Seng opened the garage door and observed MOBLEY sitting in the garage. Officers observed that MOBLEY had removed his black t-shirt and was now wearing a white tank-top style undershirt. Officers located MOBLEY'S black t-shirt in the garage on top of a black garbage bag.

9. Other officers were also searching MOBLEY's flight path. Officer LaClair located a firearm in the backyard of 86 Arnett Boulevard. The backyards of 86 Arnett Boulevard and 77 Lenox Street, where MOBLEY was taken into custody, are catty-corner to each other. Officers indicated that the firearm appeared to be dry even though it had rained the previous evening.

4

10. Rochester Police Department technicians responded to the scene to photograph and collect the firearm for further processing. Technicians identified the firearm as a 380 Auto (9x17m) caliber, Cobra Enterprises CA-380 semiautomatic pistol with an obliterated serial number. The firearm was loaded with three unfired 380 Auto (9x17mm) caliber cartridges (CCI).

11. MOBLEY was transported to the Rochester Police Departments east side office where he was seated in an interview room. After MOBLEY agreed to waive his Miranda rights, he indicated that he ran from the police because he was currently being supervised by New York State Parole. MOBLEY described the path he took as he fled from officers which matched the accounts given by the pursuing officers but did not admit to possessing a gun.

12. On July 14, 2020, I reviewed an outgoing telephone call from MOBLEY, at the Monroe County Jail, to an unknown female (hereinafter FEMALE 1). The call was made on May 24, 2020 at approximately 12:05 a.m. In sum and substance, MOBLEY told FEMALE 1 "somebody must of called on me and said, and said I had something on me." MOBLEY later asked to "[t]ell her I said I'm sorry for even bringing that to her house and all that." FEMALE 1 told MOBLEY that he could tell her himself and she placed another female (hereinafter FEMALE 2) on the call. MOBLEY told FEMALE 2 "I'm sorry for bringing all that to your house [inaudible]. It wasn't supposed to happen like that but I'm sorry I shouldn't have brought that around ya'll." FEMALE 2 responded, "alright, thank you." Based on

my training and experience I believe that MOBLEY told FEMALE 1 that someone called the police and told them he had a gun on his person. He then apologized for bringing the police and gun to her house.

13. Technicians at the Monroe County Crime Laboratory analyzed the handgun on or about May 26, 2020. They were only able to partially restore the serial number. They also attempted to test fire the gun but determined it was not functional due to missing parts and a reversed firing pin.

### MOBLEY'S PRIOR FELONY CONVICTION

14. In connection with this investigation, your affiant has reviewed MOBLEY'S criminal history, which reflects that MOBLEY is a convicted felon. Specifically, on or about October 2, 2014, in Monroe County Court, MOBLEY was convicted upon a plea of guilty to Criminal Possession of a Weapon in the Second Degree, a class C Felony. He was sentenced to forty-two months in the New York State Department of Corrections and thirty months post release supervision.

### INTERSTATE NEXUS

15. In connection with this investigation, ATF Special Agent Ryan Szwejbka, an expert who has testified in federal court regarding the origin of manufacture for firearms and ammunition, was provided a description of the firearm. Based on that description, he determined that the 380 Auto (9x17m) caliber, Cobra

Enterprises CA-380 semiautomatic pistol with an obliterated serial number, was not manufactured in the State of New York. Therefore, it affected interstate commerce.

## CONCLUSION

16. Based on the above information, your affiant submits that probable cause exists to believe that MOBLEY violated Title 18, United States Code, Section 922(g)(1) (possession of a firearm and/or ammunition by a convicted felon) and Title 18, United States Code, Section 922(k) (possession of a firearm with an obliterated serial number).

_____
INVESTIGATOR JOSEPH BRIGANTI
Bureau of Alcohol, Tobacco, Firearms and Explosives/Rochester Police Department

Affidavit and Criminal Complaint submitted
electronically by email in .pdf format. Oath
administered, and contents and signature, attested
to me as true and accurate telephonically pursuant to
Fed.R.Crim.P. 4.1 and 4(d) on this _20_ day of July 2020.

Marian W. Payson
_____
HONORABLE MARIAN W. PAYSON
United States Magistrate Judge